IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL CLAY HEASLET,                §
                                     §
        Movant,                      §
                                     §
VS.                                  §   NO. 4:20-CV-1121-A
                                     §   (NO. 4:16-CR-132-A)
UNITED STATES OF AMERICA,            §
                                     §
        Respondent.                  §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Michael Clay Heaslet, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[1] The court, having considered the motion, the government's response, the reply,[2] the record, including the record in the underlying criminal case, No. 4:16-CR-132-A, styled "United States v. Charles Ben Bounds, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case and a related

---

[1] The motion is titled "Motion for Lacking Subject Matter Jurisdiction Under 12(b)(1)" and was filed September 14, 2020. By order signed September 15, 2020, the court advised movant that it intended to construe the motion as one under § 2255 and that so construing the document would cause it to be subject to § 2255's second or successive restrictions. The court gave movant an opportunity to withdraw the motion and, when he failed to do so, construed it as it had warned, causing this civil action to be filed.

[2] The reply is titled "Motion Responds to U.S. Attorney."

case reflects the following:

On March 28, 2016, movant was named in a sealed criminal complaint charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[3] 1. An arrest warrant for movant issued on that date, CR Doc. 2, and on April 28, 2016, movant made his first appearance before the court. CR Docs. 56, 57. An attorney was initially appointed to represent movant, CR Doc. 58, but movant retained an attorney to represent him. CR Doc. 72. Movant joined the government in a motion to continue time to file an indictment, CR Doc. 76, which was granted. CR Doc. 77.

On June 15, 2016, movant was named in a second superseding indictment[4] charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. CR Doc. 286. On August 10, 2016, movant was named in a third superseding indictment, again charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance

---

[3] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.
[4] As the government explains in its response, the original and first superseding indictments were filed under No. 4:15-CR-271-A.

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 526.

Movant and several co-defendants were tried by a jury, which convicted them. CR Doc. 661. Movant was sentenced to a term of imprisonment of life. CR Doc. 1192. He appealed, CR Doc. 1251, and his judgment and sentence were affirmed. United States v. Gentry, 941 F.3d 767 (5th Cir. 2019).

II.

Grounds of the Motion

Movant states that he is presenting two arguments, worded as follows:

> (1) Did the criminal complaint establish the facts that created the conviction for Movant. []
> (2) The court's lacking Subject Matter Jurisdiction under 18 U.S.C. 3231. []

Doc.[5] 1 at 3. It is virtually impossible from the discussion following to determine what exactly movant is saying. As best the court can tell, movant is saying that the complaint and procedures followed failed to apprise him of the charges against him. And, the court lacked subject matter jurisdiction.

---

[5] The "Doc. __" reference is to the number of the item on the docket in this civil action.

III.

Applicable Legal Standard

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in

4

a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Whatever the exact nature of movant's grounds, they are barred. He has not shown why these grounds could not have been raised on appeal or explained why he failed to raise them. Shaid, 937 F.2d at 232. Nor has he shown that either of his grounds has the slightest merit.

The record reflects that the complaint was properly sealed. See United States v. Sealed Search Warrant, 868 F.3d 385 (5th Cir. 2017); United States v. Khoury, No. 4:17-MC-2553, 2018 WL 2864413, at *4 (S.D. Tex. June 11, 2018). The complaint clearly spelled out the charges against movant, as did the superseding indictments that followed. In fact, the same charges were alleged in each. There was no procedural irregularity.[6] Movant was represented by counsel and agreed to the extension of time to return an indictment against him. There is no basis for contending that any of his constitutional rights were violated.

---

[6] As best the court can tell from the reply, movant is now contending that the complaint was fraudulent and that Rules 3, 4, and 5 of the Federal Rules of Criminal Procedure were violated. These are matters that should have been raised on appeal. In any event, the magistrate judge found probable cause to believe that movant had committed an offense as described in the complaint. CR Doc. 61.

5

Subject matter jurisdiction is straightforward in a criminal case. United States v. Scruggs, 714 F.3d 258, 262 (5th Cir. 2013). The indictments naming movant, like the complaint before them, charged movant with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Accordingly, the court had subject matter jurisdiction.

IV.

Order

The court ORDERS that movant's motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 13, 2021.

_____
JOHN McBRYDE
United States District Judge

6